**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions, Inc., | CV 11-02437-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Edward Pinkhasov, | |
| Defendant. | |

We have before us plaintiff's motion for default judgment (doc. 20). When considering a motion for default judgment we take well-pled allegations regarding liability as true. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiff was granted the exclusive distribution rights to "Ultimate Fighting Championship 124: Georges St. Pierre v. Josh Koscheck," which was televised on December 11, 2010 ("the Program"). Defendant owns VIP Hookah Lounge (also known as Bellagio Palace Euro Lounges), a Phoenix establishment with a capacity of approximately 400-500 (with tables and chairs) and 1,000 (without tables and chairs). Defendant displayed the Program on four televisions located throughout the facility. Defendant charged a $5 cover fee for entry. Three separate head counts on December 11, 2010 indicated that 18, 24, and 26 people were inside.

Plaintiff seeks relief for: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; and (3) conversion (doc. 1). The Clerk entered default on April 9, 2012 (doc. 17).

Defendant has not moved to set aside default, and has not otherwise appeared.

To prevail on its 47 U.S.C. § 605 claim, plaintiff must show that (1) defendant intercepted and (2) "divulged or published. . . a communication transmitted by" plaintiff. Nat'l Subscription Television v. S & H TV, 644 F.2d 820, 826 (9th Cir. 1981). The statute provides for statutory damages of at least $1,000 and at most $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). Damages may be increased by up to $100,000 if defendant intercepted and published the communication "willfully and for purposes of direct or indirect commercial advantage or private financial gain." Id. § 605(e)(3)(C)(ii). Courts consider "prior infringements, substantial unlawful monetary gains, significant actual damages to the plaintiff, the defendant's advertising of the broadcast, and the defendant's charging a cover charge or premiums for food and drinks during the broadcast" when deciding whether to award enhanced damages. Kingvision Pay-Per-View, Ltd. v. Guzman, CV-07-0963-PHX-PGR, 2008 WL 1924988, at *3 (D. Ariz. Apr. 30, 2008). We balance the need for deterrence against the harm to defendant's business if significant damages are assessed. See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).

Defendant admits by defaulting that he unlawfully published the Program to his customers, and did so "willfully and for purposes of direct or indirect commercial advantage or private financial gain." Compl. ¶ 12.[1] After considering the goal of deterring cable piracy. we conclude that a statutory damages award of $10,000 is appropriate. Plaintiff's request for the full $100,000 in enhanced damages, however, is not warranted. There is no evidence that defendant is a repeat illegal interceptor of programming, and there is no evidence that plaintiff incurred significant damages. There is also no evidence that defendant charged a premium for drinks or food. Although defendant did collect a $5 cover charge and display the Program on multiple television screens, the Program was displayed to at most 26 people. There is no evidence that defendant advertised the Program. We acknowledge, however, that

---

[1] Because defendant defaulted, plaintiff cannot determine what type of signal transmission was used and asks for recovery under 47 U.S.C. § 605.

1  a more significant damages award may serve to deter future violations.  Under the facts of
2  this case, an enhanced damages award of $5,000 is reasonable.  The total damages award of
3  $15,000 will both compensate plaintiff and act as a deterrent against future violations.

4        Plaintiff  requests an award of $3,000 on its conversion claim, but does not present
5  any argument or evidence to support this request.  We decline to award additional damages.
6  Plaintiff also requests an award of its costs and attorneys' fees.  Plaintiff may file a bill of
7  costs in accordance with LRCiv 54.1 and Rule 54(d)(1), Fed. R. Civ. P., and a motion for
8  attorneys' fees pursuant to Rule 54(d)(2), Fed. R. Civ. P.  We will rule on a motion for
9  attorneys' fees if and when one is before us.

10        **IT IS ORDERED GRANTING** plaintiff's motion for default judgment (doc. 20).
11  The Clerk shall enter judgment in favor of plaintiff and against defendant in the amount of
12  $15,000.

13        DATED this 23rd day of August, 2012.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge